THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JAMES COLTON, Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent. — The decision of this court handed down on November 6, 1931, ▪ is hereby amended to read as follows: Order dismissing writ of habeas corpus and remanding relator to the custody of the warden of Sing Sing Prison affirmed on the ground that the record on the trial, showing all of what occurred or any admissions made by the defendant at the close thereof, is not before us; and on the further ground that the appellant now admits in this record that he had previously been convicted of a felony, so that sending him back for resentence would be an idle ceremony. (See paragraph 2 of petition and paragraph III of return with no denial thereof in the traverse.) Young, Kapper, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents, with the following memorandum: Petitioner, indicted for grand larceny in the first degree as a second offender, was found guilty of grand larceny in the second degree without any reference to a prior offense. The record of the County Court contains nothing to indicate that the court had any information, by examination under section 485-a of the Code of Criminal Procedure, ▪ or otherwise, that petitioner was a second offender. Therefore, there should have been an indeterminate sentence, instead of a definite sentence. It now appears, from proof other than that obtained from the County Court record of the trial, that petitioner was a second offender, having been found guilty of grand larceny in the second degree, and sentence suspended. The general rule is that a suspended sentence is not a conviction. (*People* v. *Fabian*, 192 N. Y. 443; *People ex rel. Marcley* v. *Lawes*, 254 id. 249.) Section 470-b of the Code of Criminal Procedure ▪ is an exception, and applies only to indictment and conviction as a second offender. Petitioner was indicted as a second offender, but not convicted as such. That section has no application to proceedings under section 1943 of the Penal Law ▪ (*People ex rel. Marcley* v. *Lawes, supra*.) Petitioner should be returned to the County Court for resentence to an indeterminate sentence.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of DAVID NELSON, Respondent, v. LILLIAN LEVINSON, Appellant.— Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, ▪ reversed upon the law, information dismissed and fine remitted upon the ground that the prosecution failed to show any facts constituting a violation of chapter 20, article 9, section 139, subdivision 5, of the Code of Ordinances of the City of New York. ▪ Lazansky, P. J., Scudder, Tompkins and Davis, JJ., concur; Carswell, J., dissents.